## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DARYL GERMAINE ROSHELL (#418339)**                          **CIVIL ACTION NO.**

**VERSUS**                                                                               **22-163-SDD-SDJ**

**KIRBY CAVALIER**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 3, 2023.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARYL GERMAINE ROSHELL (#418339)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-163-SDD-SDJ** |
| **KIRBY CAVALIER** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint[1] of Daryl Germaine Roshell, who is representing himself and who is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Roshell's federal claims be dismissed for failure to state a claim upon which relief may be granted, that the Court decline to exercise supplemental jurisdiction over any state law claims, and that the case be closed.

**I.    Background**

Roshell filed this suit against Defendant Kirby Cavalier pursuant to 42 U.S.C. § 1983. Roshell alleges that Defendant violated his constitutional rights by losing his property while he was in administrative segregation.[2] He requests injunctive and monetary relief.[3]

**II.    Law & Analysis**

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 4.
[3] R. Doc. 1, p. 5.

**A. Standard of Review**

This Court is authorized to dismiss any claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give a court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim

---

[4] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Roshell was granted permission to proceed *in forma pauperis* on April 12, 2022, so both statutes apply. R. Doc. 3.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B.  Roshell Cannot State a Claim for His Lost Property

Roshell alleges that when he was released from administrative segregation his property was lost and not returned.  Pursuant to well-established federal jurisprudence, an unauthorized negligent, or even intentional, wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[13]  Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[14]  Here, Roshell has not alleged that state post-deprivation remedies are unavailable or are inadequate.  To the contrary, Louisiana law provides a basis for Roshell to proceed against Defendant for recovery of his property or for reimbursement for its loss.[15]  Accordingly, Roshell fails to state a federal claim for alleged loss of property without due process.

---

[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[13] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981).  This is commonly referred to as the "Parratt/Hudson Doctrine."

[14] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984).  *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

[15] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims.  La. Admin. Code tit. 22, Part I(L).  If it is established that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property. The mere fact that legal items were included in the lost property does not give rise to a federal claim regarding access to the courts.  *See Maize v. Monfra*, No. 16-15364, 2016 WL 11220807, at pp. *1 & 5 (E.D. La. Nov. 7, 2016), *report and recommendation adopted* No. 16-15364, 2017 WL 2417182 (E.D. La. June 2, 2017) (dismissing claim of lost property, including legal mail, as frivolous).  Further, Roshell has entirely failed to describe his access to the courts claim and does not even indicate that he suffered any injury as a result of his alleged inability

### C.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Roshell seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  Having recommended that Roshell's federal claim be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that Daryl Germaine Roshell's federal claims for lost property against Kirby Cavalier be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)and 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims and that the case be **CLOSED**.[16]

---

to access the courts.  The failure of a plaintiff to allege that he suffered an actual injury is fatal to his denial of access to courts claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

[16] Roshell is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

**ORDER**

Considering the above recommendation, **IT IS ORDERED** that the pending Motions[17] filed by Daryl Germaine Roshell be **DENIED** without prejudice to re-urging should the foregoing recommendation not be adopted.[18]

Signed in Baton Rouge, Louisiana, on March 3, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Docs. 5, 6, & 7.
[18] To the extent Roshell requests to amend the complaint to add a claim for malfeasance in office (R. Doc. 5, p. 3), the request is denied as amendment would be futile. *See Toppins v. Day*, 73 Fed. Appx. 84, at *8 (5th Cir. (2003) (malfeasance claims necessarily fail where there is no violation of constitutional or civil rights found).